

# IN THE
# Court of Appeals of Indiana

Michael K. Gregory,

*Appellant-Plaintiff*

v.

State of Indiana, acting by and through its
Indiana Department of Correction,

*Appellee-Defendant*



FILED

Jul 30 2026, 8:53 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

July 30, 2026

Court of Appeals Case No.
25A-MI-2460

Appeal from the Marion Superior Court

The Honorable James A. Joven, Judge

Trial Court Cause No.
49D13-2404-MI-16186

**Opinion by Judge May**
Judges Mathias and Felix concur.

**May, Judge.**

[1] Michael K. Gregory appeals the trial court's dismissal of his complaint seeking indemnification from the State for a default judgment that he obtained against former Indiana Department of Correction ("IDOC") correctional officer Courtney Woolfork. We affirm.

## Facts and Procedural History

[2] On June 11, 2018, Gregory filed a complaint pursuant to 42 U.S.C. § 1983[1] in the United States District Court for the Northern District of Indiana against Woolfork and several other correctional officers at the Indiana State Prison. The complaint alleged Woolfork and the other officers violated Gregory's rights under the 8th Amendment to the United States Constitution[2] by using excessive force against him while Gregory was incarcerated in the Indiana State Prison.

---

[1] 42 U.S.C. § 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

[2] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. Amend. VIII.

The complaint alleged that on April 3, 2017, Woolfork beat Gregory, used an excessive amount of pepper spray against him, and pulled Gregory by his hair.

[3] On October 22, 2018, the Office of the Indiana Attorney General ("OAG") entered an appearance on behalf of Woolfork and the other defendants in the federal lawsuit. On April 27, 2021, the OAG filed a motion to withdraw as Woolfork's attorney. The motion explained that discovery requests directed to Woolfork were outstanding and that, despite repeated attempts by OAG and IDOC personnel to contact him, Woolfork refused to cooperate with responding to the discovery requests. The district court granted the OAG's motion to withdraw on April 28, 2021. Woolfork did not respond to the discovery requests, and Gregory filed a motion to compel discovery. The district court granted Gregory's motion to compel, and when Woolfork continued to not respond to the discovery requests, the district court entered a default judgment against Woolfork. The district court entered judgment in favor of Gregory and against Woolfork for $15,000 in compensatory damages and $2,787.50 in attorney fees.

[4] On September 2, 2022, Gregory filed a motion for writ of execution in the district court seeking to collect on his judgment against Woolfork. The district court then held a proceedings supplemental hearing on October 31, 2022. Woolfork appeared at the hearing and testified that his wages were already the subject of multiple garnishment orders. He testified that his bank account had a negative balance and his car had been repossessed the previous evening. He also denied owning any real estate or other assets.

[5] Gregory reached a settlement with the other correctional officers named in the federal lawsuit and released his claims against them. Gregory then filed a motion in the federal lawsuit seeking indemnification by the State for the judgment entered against Woolfork. On March 2, 2023, the district court issued an order denying Gregory's motion for indemnification. It did so because of "the procedural concern that neither the State nor IDOC is a party to these proceedings" and "the State and its corrections department both have Eleventh Amendment immunity from being sued for indemnification in federal court." (App. Vol. 2 at 164.) However, the district court denied the motion without prejudice so that Gregory could pursue indemnification in a state court proceeding.

[6] On April 11, 2024, Gregory filed the instant complaint in the Marion Superior Court. The State then filed a motion to dismiss pursuant to Trial Rule 12(B)(6) on June 19, 2024. It argued Gregory lacked standing to pursue indemnification, the State "did not have a meaningful opportunity to defend" Woolfork, (*id.* at 49), and "Woolfork's actions were not 'noncriminal' within the meaning of the indemnification statutes[.]" (*Id.*) Gregory filed a response opposing the motion to dismiss in which he noted that the OAG represented Woolfork for approximately two-and-a-half years before withdrawing and that the State paid the settlement monies to Gregory for his claims against the other correctional officers in the federal lawsuit. The trial court held a hearing on the State's motion to dismiss and then granted the State's motion to dismiss Gregory's complaint with prejudice. The trial court explained:

> The Court concludes that Woolfork acted criminally and that the State did not have the opportunity to defend Woolfork. Therefore, as a matter of law, the State's indemnity obligation under Indiana Code section 34-13-4-1 was not triggered. This would be equally true were Gregory to re-file his complaint as an assignee of any claimed indemnification right owned by Woolfork. Accordingly, Gregory has failed to state a claim for relief under Indiana Rule of Trial Procedure 12(B)(6), and any amendment would be futile.

(*Id.* at 15.)

## Discussion and Decision

Gregory asserts the trial court erred when it dismissed his complaint on the basis that he failed to state a claim upon which relief may be granted. We review de novo a trial court's ruling on a Trial Rule 12(B)(6) motion. *Safeco Ins. Co. of Ind. v. Blue Sky Innovation Grp., Inc.*, 230 N.E.3d 898, 901 (Ind. 2024), *reh'g denied*. "A motion to dismiss under Rule 12(B)(6) tests the legal sufficiency of a complaint: that is, whether the allegations in the complaint establish any set of circumstances under which a plaintiff would be entitled to relief." *Trail v. Boys & Girls Clubs of Nw. Ind.*, 845 N.E.2d 130, 134 (Ind. 2006). "In reviewing the complaint, we take the alleged facts to be true and consider the allegations in the light most favorable to the nonmoving party, drawing every reasonable inference in that party's favor." *Bellwether Props., LLC v. Duke Energy Ind., Inc.*, 87 N.E.3d 462, 466 (Ind. 2017). The trial court's consideration of material outside the pleadings – if those materials may be judicially noticed – does not

convert the motion to dismiss into a motion for summary judgment. *Moss v. Horizon Bank, N.A.*, 120 N.E.3d 560, 563 (Ind. Ct. App. 2019).

[8]     Gregory asserts that Indiana Code section 34-13-4-1 requires the State to pay his default judgment entered against Woolfork.[3] "Our primary goal in reviewing statutes is to determine and follow the legislature's intent. The best indicator of legislative intent is the statutory language, and where the statute is clear and unambiguous, we apply it as drafted without resort to the nuanced principles of statutory interpretation." *Matter of Supervised Est. of Kent*, 99 N.E.3d 634, 638 (Ind. 2018) (internal citation and quotation marks omitted).

[9]     Indiana Code section 34-13-4-1 outlines circumstances under which the State will indemnify employees for acts within the scope of employment. At common law, the State had no obligation to defend its employees in lawsuits filed against them because of sovereign immunity. *Kelly v. State*, 249 N.E.3d 638, 643 (Ind. Ct. App. 2024), *trans. denied*. However, "Indiana Code section 34-13-4-1 partially waives the State's sovereign immunity by establishing

---

[3] The State argues Gegory lacks standing to pursue a claim under Indiana Code section 34-13-4-1. Assuming arguendo Gregory does not have standing to seek indemnification from the State, he could obtain standing via an assignment of rights from Woolfork. *See, e.g.*, *State by & through Dep't of Nat. Res. v. Leonard*, 226 N.E.3d 198, 201 (Ind. 2024) (DNR officer assigned his right of indemnification to Leonard, who sued and collected from the State); *see also Kelly v. State*, 249 N.E.3d 638, (Ind. Ct. App. 2024) (former State employee assigned her right to seek indemnification from the State to the civil rights plaintiffs who had sued her), *trans. denied*. Rather than invite additional pleadings, we choose to explain why the language of section 34-13-4-1 precludes recovery under the facts before us. *See State ex rel. Jacobs v. Marion Circuit Court*, 644 N.E.2d 852, 853 n.2 (Ind. 1994) (addressing merits of arguments regarding election statutes rather than argument regarding standing); *and see Thomas v. Victoria Fire & Cas. Ins. Co.*, 706 N.E.2d 212, 216 (Ind. Ct. App. 1999) ("Regardless of whether the Thomases have standing, they still cannot prevail" because they are not entitled to coverage under the insurance policy at issue.), *trans. denied*.

specific circumstances under which the State will defend and indemnify its employees." *Id.* Therefore, "[b]ecause the statute creates liability where none existed at common law, we must strictly construe the statute against establishing liability and cannot expand the statute's reach beyond its express terms." *Id.*

[10]  The statute at issue states:

> If a present or former public employee . . . is or could be subject to personal civil liability for a loss occurring because of a noncriminal act or omission within the scope of the public employee's employment which violates the civil rights laws of the United States, the governmental entity (**when the governmental entity defends or has the opportunity to defend the public employee**) shall . . . pay:
>
> (1) any judgment (other than for punitive damages) of the claim or suit; or
>
> (2) any judgment for punitive damages, compromise, or settlement of the claim or suit if:
>
> > (A) the governor, in the case of a claim or suit against a state employee; or
> >
> > (B) the governing body of the political subdivision, in the case of a claim or suit against an employee of a political subdivision;
>
> determines that paying the judgment for punitive damages, compromise, or settlement is in the best interest of the governmental entity.  The governmental entity shall also pay all

> costs and fees incurred by or on behalf of a public employee in defense of the claim or suit.

Ind. Code § 34-13-4-1 (emphasis added).

[11] Indiana Code section 34-13-4-1 mandates that the governmental entity either defend or have the opportunity to defend the public employee against the civil rights claim before the governmental entity has an obligation to pay the claim. This mandate is critical because it protects the State from being unwittingly saddled with financial obligations as the result of judgments that it did not have the opportunity to contest. In *Robinett v. City of Indianapolis*, the United States Seventh Circuit Court of Appeals addressed "an unlikely hypothetical" whereby a public employee decides "to secretly take a default judgment in a civil-rights suit instead of notifying the governmental employer and asking it to litigate in his defense" and then seeks to "wield the default judgment as an issue-preclusive sword in a follow-on proceeding for indemnification" from the State. 894 F.3d 876, 881 (7th Cir. 2018). The Seventh Circuit explained the concern of that hypothetical was "overblown" because "the indemnification statute already protects against this hypothetical. The duty to indemnify arises only when the public employer 'defends or has the opportunity to defend' the public employee." *Id.* (quoting Ind. Code § 34-13-4-1). We agree with the Seventh Circuit's resolution of the hypothetical, and the same reasoning precludes the State from being responsible for Gregory's judgment against Woolfork.

[12] To defend a client, an attorney must be able to communicate with the client. Indiana Rule of Professional Conduct 1.4(a)(2) requires a lawyer to "reasonably consult with the client about the means by which the client's objectives are to be accomplished[.]" Professional Conduct Rule 1.4(a)(3) requires the attorney to "keep the client reasonably informed about the status of the matter[.]" A client's refusal to communicate with his attorney prevents the attorney from fulfilling these professional obligations. Lawyers also owe a duty of fairness to opposing parties and counsel. Professional Conduct Rule 3.4(a) prohibits an attorney from unlawfully obstructing another party's access to evidence, and Rule 3.4(c) prohibits an attorney from knowingly disobeying an obligation under the rules of the tribunal. Federal Rule of Civil Procedure 33(b) requires that interrogatories be answered "by the party to whom they are directed" and "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." The person answering the interrogatories must also sign the answers. Fed. R. Civ. Proc. 33(b)(5). Similarly, Federal Rule of Civil Procedure 34(2)(a) requires the party to whom requests for production are served to timely respond to the requests. A lawyer representing a client in federal court cannot comply with these obligations unless the client is willing to meaningfully consult with the attorney and provide verified answers to the interrogatories propounded.

[13] Gregory notes that the OAG represented Woolfork for over two years before withdrawing and took several actions on behalf of Woolfork and the other defendants. However, the OAG could not respond to the discovery requests

propounded to Woolfork or meaningfully consult with Woolfork regarding his defense without Woolfork's cooperation. Despite "numerous" telephone calls and voicemail messages from the OAG, a certified letter that was verified delivered, and attempts by the litigation liaison at Indiana State Prison to contact him, Woolfork refused to assist the OAG in responding to discovery on his behalf. (App. Vol. 2 at 76.) Woolfork's lack of cooperation so substantially prevented the OAG from fulfilling its professional obligations in defending him that the State withdrew as Woolfork's counsel. The State was not able to defend Woolfork because Woolfork would not afford the State "the opportunity to defend" him, and therefore, Indiana Code section 34-13-4-1 does not require the State to provide indemnification.[4] *See Robbinett*, 894 F.3d at 881 (State cannot be obligated to indemnify under the statute when it was not given an opportunity to defend the employee).

## Conclusion

[14] Gregory's complaint failed to state a claim upon which relief can be granted because Indiana Code section 34-13-4-1 precludes payment by the State when the State did not have an opportunity to defend the employee in the underlying federal civil rights action. Accordingly, we affirm the trial court.

---

[4] The State also asserts that "Gregory pleaded himself out of court by asserting facts showing that Woolfork's conduct culminated in criminal activity." (Appellee's Br. at 12.) We need not address this argument because we have already held Gregory's complaint fails to state a claim because the State did not have the opportunity to defend Woolfork in the underlying federal lawsuit. *See, e.g.*, *Midwest Holdings-Indianapolis, LLC v. Hennessy*, 254 N.E.3d 531, 543 n.7 (Ind. Ct. App. 2025) (declining to address additional issues raised by the parties after concluding other issue was dispositive).

Affirmed.

Mathias, J., and Felix, J., concur.

ATTORNEYS FOR APPELLANT

Christine Corso
Thomas E. Quinn
Casey L.M. Carlson
Jenner & Block LLP
Chicago, Illinois


ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Indiana Attorney General
Indianapolis, Indiana

Samuel J. Dayton
Supervising Deputy Attorney General
Indianapolis, Indiana